IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-3045 |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Illinois Associate Circuit Judge Steven Nardulli moves for dismissal [d/e 11], and Defendant United States of America moves for summary judgment [d/e 14].

For the reasons below, both motions are ALLOWED.

**I. Background and Summary of Complaint**

Plaintiff Christopher A. Smith filed suit, *pro se*, against the United States Marshals Service, Illinois Circuit Court Associate Judge Steven Nardulli, the Sangamon County Sheriffs Department, and Deputy Lee

Rowden of the Sheriffs Department. Plaintiff alleges (1) that the Defendants violated 42 U.S.C. § 1983 by depriving him of his rights under the Fourth and Fourteenth Amendments of the Constitution, (2) that the Defendants violated Article I, § 6 of the Illinois Constitution,[1] and (3) that Defendants are liable to Plaintiff under Illinois tort law.

The Plaintiff asserts that the alleged violations occurred on December 4-5, 2008. On the afternoon of December 4, employees of the Marshals Service and Sheriffs Department executed an arrest warrant for the Plaintiff at a home on Yale Boulevard in Springfield, Illinois. The Plaintiff alleges that although he followed instructions and did not resist, he was shot with a Taser gun. The Plaintiff further alleges that once in custody, a Marshals Service employee requested his keys to the house. The Plaintiff alleges Marshals Service personnel searched the home without a warrant after receiving the Plaintiff's keys.

On the afternoon of December 5, 2008, the Plaintiff was arraigned

---

[1] The complaint alleges a violation of "Art. II, § 6," but there is no such section. Article II contains only two sections. Article I, § 6 is the search and seizure clause of the Illinois Constitution.

before Judge Nardulli and was served with a search warrant for the Yale Boulevard home, signed by Judge Nardulli. The Plaintiff seeks $2,000,000 in damages.

## II. Defendant Judge Nardulli's Motion to Dismiss

A motion to dismiss is appropriate if the "plaintiffs cannot establish any set of facts that would entitle them to relief. In making this assessment, we read the complaint liberally and accept as true all well-pleaded allegations and the inferences that may be drawn by them." *Int'l Med. Group v. Am. Arbitration Ass'n*, 312 F.3d 833, 842 (7th Cir. 2002) (citations omitted).

Judge Nardulli argues that the claims against him should be dismissed because he is entitled to absolute judicial immunity. The Court agrees.

Judges are absolutely immune from suits for damages related to judicial acts. *See Smith v. Hammond, Ind.*, 388 F.3d 304, 306 (7th Cir. 2004). A judge's action is a judicial act if it is a function normally performed by a judge and it is apparent that the parties believed they

were dealing with the judge in his official capacity. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

In this case, the signing of the search warrant was clearly a judicial act. This is a function that is performed by either a judge or magistrate, and the Plaintiff clearly believed that Judge Nardulli was acting in his official capacity.

There are two exceptions to absolute judicial immunity: (1) nonjudicial acts, and (2) acts which are judicial in nature, but are "taken in complete absence of jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The first exception does not apply because signing the warrant was a judicial act.

The second exception does not apply because Judge Nardulli had jurisdiction to sign the warrant under the Illinois Code of Criminal Procedure. *See* 725 ILCS 5/108-3. Furthermore, even if Judge Nardulli was not specifically authorized by statute to sign a search warrant, he most likely would have had jurisdiction for the purposes of judicial immunity, because the Supreme Court of the United States has broadly

construed the jurisdiction of state courts of general jurisdiction. *See Stump*, 435 U.S. at 359-60.

Judge Nardulli is also immune under Illinois law. "A judge is *absolutely* immune from liability for acts committed while exercising the authority vested in him." *Grund v. Donegan*, 298 Ill. App. 3d 1034, 1039 (1998) (emphasis in original).

The immediate dismissal of this suit is appropriate because "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. "Procedurally, precisely because an official with absolute immunity has no obligation to justify action taken, the suit can ordinarily be dismissed on a simple 12(b)(6) motion; consequently, unlike qualified immunity, absolute immunity eliminates nearly all of the possible burden, expense, and anxiety of litigation." Richard H. Fallon, Jr., Daniel J. Metzler & David L. Shapiro, *Hart and Wechsler's The Federal Courts and the Federal System* 1123 (5th ed. 2003).

Finally, it is worth noting that the Plaintiff has not responded in any way to this motion. Therefore, the claim against Judge Nardulli will

be dismissed.

### III. Motion for Summary Judgment by the United States

The United States moves for summary judgment on all claims against it. "Summary judgment is appropriate when the evidence submitted, viewed in the light most favorable to the non-moving party, shows 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (quoting Fed. R. Civ. P. 56(c) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Plaintiff sued the "United States Marshalls." The Plaintiff cannot pursue his claims against the United States Marshals Service, as detailed *infra*, and therefore to the extent his suit is against the Marshals Service, as an individual agency, it must be dismissed with prejudice.

All of the underlying claims that the Plaintiff brought against the Marshals Service are restyled as claims against the United States. The claims fail because the Plaintiff's service of process was ineffectual and the Plaintiff failed to exhaust administrative remedies. Therefore the

underlying claims will be dismissed without prejudice.

## A. Improperly Suing an Agency of the United States

A plaintiff may not directly sue an agency of the United States for alleged constitutional violations. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994). Although direct suit against individual officers is allowed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), this does not mean that individual agencies may be sued for alleged constitutional violations. *Meyer*, 510 U.S. at 484-85.

The Supreme Court of the United States has stated that it would not allow suits against individual agencies, absent Congressional approval, because such a suit would be a usurpation of federal fiscal policy, which belongs to the legislature. *Id.* at 486. Therefore, the Plaintiff's action against the United States Marshals Service (as an individual agency) must be dismissed.

## B. Failure to Exhaust Administrative Remedies

The Plaintiff is making an Illinois tort claim against the United States. The United States may be sued for tort claims if there is a waiver

7

of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The waiver for a tort claim is governed by the Federal Tort Claims Act. There are two requirements applicable to this matter.

First, a plaintiff must sue the United States, not an agency. 28 § U.S.C. 2679(a). As detailed *supra*, Plaintiff sued the "United States Marshalls" instead of the United States. Therefore, the United States did not waive sovereign immunity.

Second, a plaintiff must exhaust administrative remedies before bringing suit. 28 U.S.C. § 2675. The individual must present the claim to the agency, notifying them of the incident, and demanding a sum certain. *See Kanar v. United States*, 118 F.3d 527, 528 (1997) (citing 28 C.F.R. § 14.2(a)).

The United States has provided a declaration from Gerald M. Auerbach, General Counsel of the Marshals Service, the custodian of records of administrative claims for the agency. Mr. Auerbach declared, under penalty of perjury pursuant to 28 U.S.C. § 1746, that there is no record of an administrative claim filed by the Plaintiff. *See* Gov. Ex. A,

attached to Motion for Summary Judgment [d/e 14].

The Plaintiff has not disputed this material fact.  Therefore, the Court finds that the Plaintiff did not follow the administrative claim before filing the action.  Therefore, dismissal is appropriate.

### C. Insufficient Service of Process

Plaintiff filed suit against the United States Marshals Service [d/e 2], serving process on their Springfield, Illinois office [d/e 8], but did not serve the Attorney General or the United States Attorney's Office.

In order to properly serve the United States, a plaintiff must (1) serve process on the United States Attorney's Office in the district where the action is brought, (2) send copies of the summons and the complaint by registered or certified mail to the Attorney General, and (3) provide copies of both documents via registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(1).

The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed suit on February 22, 2009, and Defendant United States moved for summary judgment on March 31, 2009. Over 120 days have passed, and therefore service against Defendant United States has not been effective.

The Federal Rules of Civil Procedure also provide that dismissal is proper for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Therefore, the Plaintiff's claim should be dismissed for insufficient service of process.

### D. Lack of Response

The Plaintiff has not responded to this motion. The Plaintiff was mailed a copy of the motion on March 31, 2009 [d/e 14]. The Clerk of Court sent a letter to the Plaintiff dated March 31, 2009 [d/e 15], warning him of the time in which he could respond, and that the motion would be granted against him and his case would be terminated, if the motion was appropriate and uncontested.

Attached to the letter was a six page excerpt from the Local Rules

regarding motions generally, and summary judgment specifically. Therefore, considering the arguments of the United States, dismissal is appropriate.

## IV. Conclusion

Ergo, the motion to dismiss filed by Defendant Steven Nardulli [d/e 11] is ALLOWED. The Government's motion for summary judgment [d/e 14] is ALLOWED. The Court dismisses Plaintiff's claims against Judge Nardulli, with prejudice; dismisses Plaintiff's claims against the United States Marshals Service (as an individual agency), with prejudice; and dismisses Plaintiff's claims against the United States, without prejudice.

ENTER: October 9, 2009

    FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge